# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### December 4, 2012 Session

## STATE OF TENNESSEE v. JOE CLYDE TUBWELL

### Appeal from the Circuit Court of Shelby County
### No. CT-001790-12     Robert S. Weiss, Judge

---

### No. W2012-01385-CCA-R3-WM  - Filed December 13, 2012

---

This case involves a traffic ticket for speeding received by the Defendant, Joe Clyde Tubwell, in Memphis, Tennessee.  The Defendant was found guilty by the Memphis City Court.  The Defendant contends that he was denied the right to appeal that decision as an indigent.  In Shelby County Circuit Court, he subsequently filed a "Petition for Mandamus or for Order Directing that Indigent Be Allowed to Appeal."   The Circuit Court dismissed this filing.  The Defendant now appeals.  After review, based on the specific facts of this case, we now dismiss the appeal without prejudice and remand this action to the Shelby County Circuit Court with instructions to hold an evidentiary hearing in this matter.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ, joined.

Joe Clyde Tubwell, pro se, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

As best we can discern from the very limited record before us, the relevant facts in this case are as follows:

On February 2, 2012, an officer with the Memphis Police Department issued the Defendant a traffic citation for speeding by traveling 61 miles per hour in a zone with the speed limit set at 40 miles per hour.  On April 11, the Defendant was found guilty of this offense in Memphis City Court.  The record does not contain a copy of the citation.  The

record also is devoid of proof of whether the Defendant was charged under a state statute or a municipal ordinance or even the identification of the street or highway upon which the offense occurred.

The Defendant contends, that after being found guilty by the Memphis City Court, he attempted to file an appeal of that decision to Shelby County Circuit Court as an indigent. The Defendant further alleges that the Memphis City Court refused to allow him to prove his indigency status or to file any appeal. Nine days later, on April 20, 2012, the Defendant filed a pleading entitled "Petition for Mandamus of for Order Directing that Indigent Be Allowed to Appeal" ("Petition") in the Shelby County Circuit Court. Interestingly, the Circuit Court reviewed the Affidavit of Indigency also filed by the Defendant and allowed the Defendant to file the Petition as an indigent. On June 1, 2012, the City of Memphis filed a "Response to Petition" in which it alleged that the Defendant had not timely perfected an appeal in the Clerk's Office of the Memphis City Court and that the Defendant was not entitled to file as an indigent because he was not a resident of the State of Tennessee. As a result, the City requested that the Petition be dismissed and that the case be remanded to the City Court for purposes of collection. On that same day, June 1, 2012, the Circuit Court entered an order dismissing the Petition. From that order, the Defendant filed a timely notice of appeal to the Tennessee Court of Appeals.

On July 20, 2012, the Court of Appeals, *sua sponte*, entered an order determining that this case actually was a criminal matter and transferred the case to this Court. Both parties then briefed the appeal. The matter was set for oral argument on December 4, 2012. On November 30, 2012, the State filed a "Motion for Transfer," requesting that the case be transferred back to the Court of Appeals. In the motion, the State contends that this matter actually is a civil matter involving the violation of a municipal ordinance, and therefore, this Court is without jurisdiction in the case. The Defendant then filed a response to the motion. This Court heard oral argument in this matter on December, 4, 2012.

## Analysis

We first turn to the Motion for Transfer primarily because the motion effectively questions the jurisdiction of this Court. Unfortunately, one of the many problems caused by the paucity of the record in this case is that we are unable to resolve this issue based upon the record before us. If the State set the speed limit and the officer charged the Defendant with violation of a state statute, this court has jurisdiction. See State v. Manfred Steinhagen, No. M2009-01592-CCA-R3-CD, 2010 WL 2712531 at *3-4 (Tenn. Crim. App. July 9, 2010) (addressing the sufficiency of the defendant's conviction for speeding pursuant to Tennessee Code Annotated section 55-8-152). However, if the speed limit was set by the city and the Defendant was charged with violation of a municipal ordinance, the Court of Appeals has

jurisdiction. <u>See</u> <u>City of Knoxville v. Brown</u>, 284 S.W.3d 330, 338 (Tenn. Ct. App. 2008) (holding that violation of a municipal ordinance involving speeding and the appeal of the judgment was civil in nature). Although the State contends in its motion for transfer that this case involves the violation of a municipal ordinance, there is no support for that position in the record. Conversely, there is nothing in the record to indicate that the Defendant was cited under a state statute. Indeed, as we noted earlier, the citation itself is not even in the record. Accordingly, we are unable to determine whether this Court truly has jurisdiction.

In addition to the lack of proof in the record on this issue, there, likewise, is no proof, by affidavit or otherwise, of what actually transpired in the Memphis City Court regarding the Defendant's efforts to appeal. The Circuit Court apparently acted solely upon the motion filed by the City which was unsupported by any affidavit or other proof. Apparently, neither the City Court nor the Circuit Court developed any record of proof upon which this Court can rely to rule on the jurisdictional issue or the merits of the appeal.

Therefore, in the interests of justice under the specific facts of this case, we are compelled to dismiss the appeal without prejudice and remand this case to the Shelby County Circuit Court. Upon remand, the Circuit Court is directed to conduct an evidentiary hearing to determine if the Defendant was cited under a municipal ordinance or a state statute. Furthermore, at this hearing, the Circuit Court is directed to take proof and make findings on the issue of whether the Defendant was unlawfully deprived of his right to appeal the guilty finding by the Memphis City Court. Depending upon the Circuit Court's findings on those issues, the Circuit Court shall take appropriate action by either allowing the Defendant to pursue his appeal in the appropriate trial court or dismiss the action based upon the record developed at the evidentiary hearing.

## Conclusion

Accordingly, for the reasons set forth above, the Defendant's appeal is hereby dismissed, without prejudice, and the case is remanded for further proceedings consistent with this opinion.

_____
JEFFREY S. BIVINS, JUDGE